IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY M. MAYFIELD | § | |
| VS. | § | CIVIL ACTION NO. 9:15-CV-90 |
| DENTAL DEPARTMENT, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Larry M. Mayfield, an inmate confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the following defendants: Gib Lewis Unit Dental Department, Gib Lewis Administrative Segregation Security, Medical Practice Manager Kent Dickerson, Dental CDA Anna Stephens, Sergeant Supervisor Eric Lane, Office of Professional Standard TDCJ Health Service Division, and Dentist Linda Garcia.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the civil rights complaint be dismissed for failure to state a claim and as frivolous.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections lacking in merit. Plaintiff's own pleadings establish he received dental and medical attention on several occasions at his request. Plaintiff's dissatisfaction with the treatment he received is insufficient to state a constitutional claim. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). At most, plaintiff's claims amount to

negligence which is insufficient to state a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). As to defendant Lane, plaintiff concedes the defendant took him to the dental department for an evaluation and concedes he was evaluated. That fact that defendant Lane did not confirm plaintiff's story regarding human waste dropping in his food is of no consequence. The very acts plaintiff describe contradict any allegation of deliberate indifference as to this defendant. Plaintiff's remaining claims should be dismissed as plaintiff concedes in his objections that he is suing these defendants as supervisors who refused to correct the problem. The doctrine of respondeat superior does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Plaintiff does not allege personal involvement or a sufficient causal connection between the supervisors' alleged wrongful conduct and the alleged constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
**Jan 11, 2018**

_____
Ron Clark, United States District Judge